IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANNON WILLIAMS, | ) | 4:12CV3217 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SUSAN DEVETTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff filed his Complaint in this matter on October 18, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. Also pending is Plaintiff's Motion for Extension of Time to Pay Initial Partial Filing Fee. (Filing No. 13.)

**I.   SUMMARY OF COMPLAINT**

    Plaintiff filed his Complaint on October 18, 2012, against the "Nebraska U.S. Marshall Service" and five individual federal officials, including Susan DeVetter ("DeVetter"), a court reporter for the United States District Court for the District of Nebraska. (Filing No. 1 at CM/ECF pp. 1-4.) Plaintiff is currently confined in a United States Penitentiary in Atwater, California. (*See* Docket Sheet.)

    Plaintiff alleges that his Complaint "directly" relates to his criminal proceedings in *United States v. Williams*, Case No. 09CR457. (Filing No. 1 at CM/ECF p. 17.) In *United States v. Williams*, Senior United States District Court Judge Lyle E. Strom ("Judge Strom") sentenced Plaintiff for convictions of money laundering and conspiracy to distribute and possession with intent to distribute marijuana. (Case No. 09CR457, Filing Nos. 1173 and 1180.) Thereafter, Plaintiff filed a notice of appeal (case no. 09CR457, filing no. 1177) and a motion for transcripts (case no. 09CR457,

filing no. 1188). The Eighth Circuit docketed Plaintiff's appeal (case no. 09CR457, filing no. 1186), and Judge Strom granted Plaintiff's motion for transcripts as to transcripts that had not been previously transcribed (case no. 09CR457, filing no. 1195). In doing so, Judge Strom specifically ordered the court reporter to prepare and furnish a copy of the transcripts from hearings held on December 8, 2010; September 30, 2011; October 11, 2011; and November 4, 2011. (Case No. 09CR457, Filing No. 1195.) The aforementioned transcripts were filed in *United States v. Williams* on December 16th and 19th of 2011. (Case No. 09CR457, Filing Nos. 1209, 1212, 1213, 1214, 1215, and 1216.)

In this matter, Plaintiff asserts civil rights claims against Defendants pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). (Filing No. 1 at CM/ECF p. 2.) Specifically, Plaintiff alleges that he has been "denied a fair opportunity to prove his actual innocence" in *United States v. Williams* because Defendants have deliberately changed trial transcripts in an effort to "hide and suppress prosecutorial and judicial misconduct." (*Id*. at CM/ECF p. 10.) Plaintiff asserts that Defendants' actions are depriving "the appellate court from performing its task of impartial adjudication." (*Id*.) Plaintiff seeks access to audio recordings from his pretrial and trial proceedings in *United States v. Williams* so that he can "correct a 'manifest injustice.'" (*Id*. at CM/ECF pp. 17-18.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued confinement, the civil rights claim must be preceded by a favorable outcome in a habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87. *Heck* also applies to *Bivens* actions against federal officials. *Washington v. Sorrows*, No. 96-4236, 1997 WL 71670, at *1 (8th Cir. Feb. 21, 1997); *see also Taverez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("Given the similarity between suits under § 1983 and *Bivens*, we conclude that *Heck* should apply to *Bivens* actions as well.").

As discussed above, Plaintiff asserts *Bivens* claims against Defendants because they deliberately changed trial transcripts in an effort to "hide and suppress prosecutorial and judicial misconduct." (Filing No. 1 at CM/ECF p. 10.) Because of

this conduct, Plaintiff has been "denied a fair opportunity to prove his actual innocence" and the Eighth Circuit cannot "perform[] its task of impartial adjudication." (*Id*.) These allegations necessarily implicate the validity of Plaintiff's conviction and sentence in *United States v. Williams*. As a result, Plaintiff's claims must be preceded by a favorable disposition of his conviction and are barred by *Heck*. *See, e.g.,* Murphy v. Bloom, 443 Fed. App'x 668, 2011 WL 3837768, at *1 (3d Cir. Aug. 31, 2011) (concluding plaintiff's success on claims regarding the alteration of his trial transcript would necessarily imply the invalidity of his conviction and would not be cognizable under *Heck*); Hall v. Woodall, No. 98-5344, 1999 WL 313886, at *1-2 (6th Cir. May 3, 1999) (finding plaintiff's claim that defendants "changed the transcript to 'favor' the state" and that the "condition of the transcript interfered with his right to effective appellate review" was barred by *Heck*). However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in his criminal appeal or in a habeas corpus or similar proceeding.

**IV.   MOTION FOR EXTENSION OF TIME**

Also pending is Plaintiff's Motion for Extension of Time to Pay Initial Partial Filing Fee. (Filing No. 13.) On January 9, 2013, the court granted Plaintiff's IFP Motion and assessed an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). (Filing No. 8.) In doing so, the court warned Plaintiff that his case would be subject to dismissal if he failed to pay the initial partial filing fee of $31.00 by February 8, 2013. (*Id*.) Thereafter, Plaintiff moved for an extension of time to pay the initial partial filing fee. (Filing No. 9.) The court granted Plaintiff's Motion for Extension of Time and gave him until March 8, 2013, to pay the initial partial filing fee. (Filing No. 10.) On March 14, 2013, Plaintiff filed his current Motion for Extension of Time to Pay Initial Partial Filing Fee. (Filing No. 13.)

In his Motion, Plaintiff asserts that the Bureau of Prisons already deducted $8.00 from his account for payment of the initial partial filing fee in this matter, but

did not process the "$25.00 balance."[1] (*Id*.) Plaintiff "swear[s]" that he sent the request to the Bureau of Prisons to pay the initial partial filing fee on March 7, 2013. (*Id*.) Plaintiff has included a copy of his request. (*Id*. at CM/ECF p. 3.)

On March 21, 2013, the court received an initial partial filing fee payment of $25.00 from Plaintiff's institution. (*See* Docket Sheet.) However, the court never received the remaining $6.00 of the $31.00 court ordered initial partial filing fee. (*Id*.; Filing No. 8.) Because Plaintiff has failed to pay the full amount of the court ordered initial partial filing fee, he has failed to comply with this court's orders. However, Plaintiff has asserted that his institution previously deducted $8.00 towards the filing fee in this matter. (*See* Filing No. 13.) Although the court has not yet received the $8.00, Plaintiff's Motion for Extension of Time to Pay Initial Partial Filing Fee (filing no. 13) is granted and the remainder of Plaintiff's filing fee, including the remaining $6.00 of his initial partial filing fee, shall be collected in accordance with the court's January 9, 2013, Memorandum and Order.[2]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Extension of Time to Pay Initial Partial Filing Fee (filing no. 13) is granted.

---

[1] Plaintiff's proposed initial partial filing fee equals $33.00 (i.e. the $8.00 already deducted by his institution and his stated $25.00 balance), which is $2.00 more than the court-imposed $31.00 initial partial filing fee. (Filing No. 8 at CM/ECF p. 2.)

[2] The court notes that Plaintiff has additional cases pending before this court. (*See, e.g.,* Case No. 11CV446.) The court warns Plaintiff that his failure to timely comply with court orders will not be tolerated and could result in the dismissal of his claims.

5

2.	The Clerk of the court is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

3.	Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in his criminal appeal or in a habeas corpus or similar proceeding.

4.	A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 8th day of April, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.