IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANNON WILLIAMS, | ) | 4:12CV3217 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SUSAN DEVETTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Rectify and Amend Judgment. (Filing No. 17.) As set forth below, Plaintiff's Motion is denied.

Plaintiff brings his Motion to Rectify or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Filing No. 17 at CM/ECF p. 1.) In this Motion, Plaintiff argues that the court ignored that his claims were based on *Skinner v. Switzer,* 131 S. Ct. 1289 (2011). (Filing No. 17 at CM/ECF p. 2.) Plaintiff states the court recharacterized his claims as "Bivens" claims and asks the court to "rectify" the Complaint, or in the alternative, allow him to amend his Complaint.[1] (*Id*. at CM/ECF p. 4.)

A motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). In this matter, the court entered Judgment on April 8, 2013. (Filing No. 15.) Plaintiff filed his Motion to Rectify or Amend on April 29, 2013. (Filing No. 17.) Accordingly, Plaintiff's Motion is timely.

---

[1]Contrary to Plaintiff's assertion, the first paragraph of his Complaint states: "This is a civil rights action under Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971), filed by Plaintiff Shannon Williams a pauper in federal custody serving a 40 year sentence at the United States Penitentiary in Atwater, California." (Filing No. 1 at CM/ECF p. 1.)

However, as set forth by the Eighth Circuit, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence . . . . Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citations and quotations omitted).

Liberally construed, Plaintiff asks that the court "rectify" and amend the Judgment because he was trying to bring his claims pursuant to *Skinner*. (Filing No. 17 at CM/ECF pp. 1. 4.) In *Skinner*, a prisoner plaintiff had twice moved for, but was denied, postconviction DNA testing under Tex. Code. Crim. Proc. Ann. art. 64.01(a). Thereafter, the plaintiff filed a federal claim under 42 U.S.C. § 1983 seeking to compel Texas to permit him access to evidence for DNA testing. As the Court explained, such a claim did not constitute a challenge to the validity of the plaintiff's conviction:

> Success in [plaintiff's] suit for DNA testing would not "necessarily imply" the invalidity of his conviction. While test results might prove exculpatory, that outcome is hardly inevitable; . . . results might prove inconclusive or they might further incriminate [plaintiff].

*Skinner*, 131 S. Ct. at 1298. In this matter, Plaintiff is not seeking to test DNA evidence after his conviction was affirmed on appeal. Rather, Plaintiff alleges that he has been "denied a fair opportunity to prove his actual innocence" in his *pending* criminal appeal because Defendants have deliberately changed trial transcripts in an effort to "hide and suppress prosecutorial and judicial misconduct." (Filing No. 1 at CM/ECF p. 10.) Such claims must be preceded by a favorable disposition of Plaintiff's conviction and are barred by *Heck*. *See, e.g., Murphy v. Bloom*, 443 Fed. App'x 668, 669, 2011 WL 3837768, at *1 (3d Cir. Aug. 31, 2011) (concluding plaintiff's success on claims regarding the alteration of his trial transcript would necessarily imply the invalidity of his conviction and would not be cognizable under

*Heck*); *Hall v. Woodall*, No. 98-5344, 1999 WL 313886, at *1-2 (6th Cir. May 3, 1999) (finding plaintiff's claim that defendants "changed the transcript to 'favor' the state" and that the "condition of the transcript interfered with his right to effective appellate review" was barred by *Heck*).

Alternatively, Plaintiff asks the court to grant his Motion so that he can amend his Complaint. (Filing No. 17 at CM/ECF p. 4.) As discussed above, Plaintiff cannot use a Rule 59(e) motion to introduce new evidence, tender new legal theories, or raise arguments which could have been offered prior to the entry of Judgment. Accordingly, Plaintiff is not entitled to relief under Rule 59(e). Further, the court specifically dismissed Plaintiff's Complaint without prejudice to reassertion in his criminal appeal or in a habeas corpus or similar proceeding. (Filing No. 14 at CM/ECF p. 6.)

IT IS THEREFORE ORDERED that Plaintiff's Motion to Rectify and Amend Judgment (filing no. 17) is denied.

DATED this 7th day of May, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.